# Central of Georgia Railway Co. *v.* Crane.

### *Carrying Passenger Beyond Destination.*

(Decided May 19, 1914.   Rehearing denied June 11, 1914.
65  South.  866.)

1. *Carriers; Setting Down Passenger; Notice of Station; Instructions.*—Where the evidence of plaintiff tended to show that no notice of her station was given, while defendant's evidence tended to show that the station signal was blown, that the porter of the train called out the station, and that the conductor called the station in the car in which plaintiff was riding, charges asserting that, if the station was announced in the usual manner and plaintiff made no effort to leave the train, she could not recover, were not faulty for failure to announce the giving of notice in a reasonable and proper manner, nor in failing to hypothesize the giving of such notice in the way prevailing on well regulated railroads, as under the evidence the issue was notice vel non, and the instructions in effect required the giving of notice in the usual and customary way, in effect.

2. *Same.*—The blowing of the station signal, and the announcement of a passenger's station by both the porter and conductor in the car in which the passenger was riding, notified the passenger of her destination in the usual and customary way, within the rule that the carrier performs its duty in that regard if the name of the station is announced by a train employee in such a way as to inform a passenger within a reasonable time before he is to get off.

3. *Evidence; Judicial Knowledge; Custom.*—The customary and propert notice of the arrival or arrpoach of a train at a station where a passenger is to alight is a matter of such common knowledge, that proof thereof is not required to entitle the court and jury to take cognizance of it.

APPEAL from Jefferson Circuit Court.

Heard before Hon. C. B. SMITH.

Action by P. A. Crane against the Central of Georgia Railway Co., for damages for carrying him beyond the station of his destination.  Judgment for plaintiff and defendant appeals. · Reversed and remanded.

[Central of Georgia Railway Co. v. Crane.]

LONDON & FITTS and W. S. BROWER, for appellant. The court erred in refusing the charges requested by defendant.—*Smith v. Ga. Pac. Ry. Co.*, 88 Ala. 538; 54 S. W. 1090; 16 Cyc. 876; 2 Hutchison on Carriers, sec. 1121. The verdict was excessive in such a sense as to require it to be set aside.—*L. & N. R. R. Co. v. Sanders*, 7 Ala. App. 543; *So. Ry. Co. v. Bryant*, 31 S. E. 182; 34 S. E. 283.

J. T. ROACH and ARTHUR L. BROWN, for appellee. Custom and usage will not justify the doing of an act that is negligence per se.—*Andrew's Case*, 99 Ala. 438; *George v. M. & O. R. R. Co.*, 109 Ala. 256; *West v. Ball*, 12 Ala. 340. The court did not err in refusing the charges requested by defendant.—*Martin v. So. Ry. Co.*, 122 Amer. St. Rep. 574; *So. Ry. Co. v. Bandy*, 102 Amer. St. Rep. 112; *L. & N. R. R. Co. v. Quick*, 125 Ala. 554; *E. T. V. & G. Ry. Co. v. Lockhart*, 79 Ala. 315; *Engle v. Simmons*, 148 Ala. 95. The verdict was not excessive in view of the evidence.—*Pullman Car Co. v. Lutz*, 154 Ala. 517; *C. of Ga. Ry. Co. v. White*, 175 Ala. 6, and authorities there cited.

WALKER, J.—Count "C" of the complaint as amended was the only one upon which, under the rulings of the court, it was permissible for the jury to find in favor of the plaintiff. The negligence charged in that count was that of the agent, servant, or employee of the defendant, whilst engaged in or about the duties of his employment, in failing to notify the plaintiff of the train's arrival at Vandiver, the station to which she had a ticket, by calling out the name of the station, or otherwise. Evidence introduced by her tended to prove that no such notice was given. The evidence, and the only evidence, of an opposing tendency, on this point was

that introduced by the defendant to the effect that the station signal was blown for that station, that the train porter then went through the car in which plaintiff was riding and called that station, and that just before the train stopped there the conductor opened the door at the front end of that car and announced the station, the plaintiff at the time occupying the second seat from that end of the car. The court refused to give the following written charges requested by the defendant:

"If you believe from the evidence that the station was called in the usual manner, and the train was brought to a stop at Vandiver, and the plaintiff made no effort to disembark nor manifested any intention of disembarking, then your verdict must be for the defendant." "If you believe from the evidence that the station was called in the usual manner, then you must return a verdict for the defendant." "If you believe from the evidence that the station was called in the usual manner, then you cannot find for the plaintiff under count 'C' of the complaint as amended."

The counsel for the appellee criticises these charges by suggesting that they were faulty in failing to hypothesize a giving of notice in a reasonable or proper manner, or in the way prevailing on well-regulated railroads. We are not of opinion that they are subject to such a criticism. An instruction that the jury could not find for the plaintiff under count C if they found from the evidence that the station was called in the usual manner had the effect of denying their right to render such a verdict only in the event they believed from the evidence that such notice was given of the arrival of the train at the station which was the plaintiff's destination as was in conformity with the established usage or common practice in that regard, such information of that fact as the passenger reasonably may expect to be im-

parted in the ordinary course of events in railroad travel. This amounts to saying that the notice must have been given in a proper customary way. It is a matter of such common knowledge what that way is that proof of it is not required to entitle the court and jury to take cognizance of it.—16 Cyc. 877, note 1. A carrier's duty to a passenger in this regard is performed if the name of the station which is the passenger's destination is so announced by a train employee as to give the passenger information of the fact a reasonable time before he is to get off.—2 Hutchinson on Carriers (3d Ed.) § 1121. We are of opinion that each of the charges above set out required, as a prerequisite to a verdict unfavorable to the plaintiff, a finding by the jury that that duty was performed by the defendant. There is an additional support for the conclusion that those charges are not subject to the criticism aimed at them. On the question of notice of the arrival of the train at Vandiver there were but two conflicting phases of evidence. That introduced by the plaintiff tended to prove that the station was not called at all. The opposing evidence was to the effect that all the notice of the arrival of the train at that station was given which a passenger reasonably could expect. The conflict in the evidence was between no notice at all and a notice the sufficiency of which, if, in fact, it was given as testified to, was not in reason open to question. If, as the evidence introduced by the defendant tended to prove, the facts were that after the station signal was blown as the train approached Vandiver the train porter went through the car in which the plaintiff was calling the name of that station, and just before the train stopped there the conductor opened the door of that car, within a few feet of where the plaintiff was sitting, and announced the station, a finding that there was a negligent failure to give

notice of the arrival of the train at that station by call-
ing out the name of it, or otherwise, would have been
wholly unwarranted. Under the evidence as to notice
the issue on that point was whether it was or was not
given, not whether it was or was not sufficient, if, in
fact; it was given, as one phase of the evidence tended to
prove. There was only room under the evidence for one
of two findings as to this feature of the case; either that
no notice was given or that a sufficient notice was given.
A requested instruction on the question of notice of
the arrival of the train at the station was not rendered
incorrect because of its failure to require a finding on
an issue that might arise in some case in which such a
question is presented, but which had not been raised by
the evidence adduced in the case on trial. Instructions
are not subject to criticism because of their failure to
deal with issues not raised by the evidence.—38 Cyc.
1618. The conclusion is that, as applicable to the evi-
dence in the case, the charge above set out were proper
ones, and that the court erred in refusing to give them.

Reversed and remanded.